OPINION
{¶ 1} This appeal is brought by the State pursuant to R.C.2945.67(A) and Crim.R. 12(K), from an order of the court of common pleas sustaining Defendant Dontay Israel's motion to suppress evidence.
 {¶ 2} The evidence the court suppressed related to a quantity of crack cocaine allegedly found beneath the rear seat of a police cruiser where Defendant had been seated after he was transported to the Montgomery County Jail following his arrest on an outstanding warrant on July 17, 2003. The arrest resulted from inquiries made by police after a Terry stop.
 {¶ 3} Defendant was charged by indictment on October 3, 2003, with a violation of R.C. 2925.11(A), possession of drugs. It appears that Defendant was not then in custody because a warrant was issued for his arrest. Defendant was eventually arraigned on the indictment and entered a not guilty plea on August 31, 2004.
 {¶ 4} On September 22, 2004, Defendant filed a Crim.R. 12(C) motion to suppress evidence. He argued that the stop that resulted in his arrest was invalid under the rule of law first announced in Terry v. Ohio (1968), 392 U.S. 1, and, therefore, the drugs found in the cruiser and statements he made to police were tainted by that illegality and should be suppressed.
 {¶ 5} A hearing on the motion to suppress was held on November 5, 2004. The State called Trotwood Police Officer Anthony L. Baldridge, who had stopped and arrested Defendant and then drove him to the jail, and who found the cocaine Defendant is alleged to have possessed. Officer Baldridge testified that he has no current recollection of those events, which occurred some sixteen months earlier. Neither was his recollection refreshed when presented with a copy of the police report he prepared on the date of Defendant's arrest.
 {¶ 6} Because the report is hearsay evidence, the State moved to introduce the contents of Officer Baldridge's report pursuant to Evid.R. 803(5), as past recollection recorded. The court overruled the State's motion, relying on State v. Woods (1988),48 Ohio App.3d 1. Finding that the State, without either Officer Baldridge's testimony or his report, could not bear its burden of proof on Defendant's motion to suppress, the trial court granted the motion.
 {¶ 7} The State filed a timely notice of appeal and presents a single assignment of error.
ASSIGNMENT OF ERROR
 {¶ 8} "The trial court erred in sustaining defendant-appellee's motion to suppress in holding that the police report does not meet the requirements of recorded recollection under Evid.R. 803(5)."
 {¶ 9} Evid.R. 801(C) defines hearsay evidence to include "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the matter asserted." Evid.R. 802 provides that hearsay evidence is not admissible unless otherwise provided by constitutional provision, statute, or a rule prescribed by the Supreme Court of Ohio.
 {¶ 10} The report prepared by Officer Baldridge is hearsay evidence, to the extent that the State would offer its declarations to show that the stop which led to Defendant's arrest was justified under Terry. The State relied on Evid.R. 803(5), "past recollection recorded," which provides that the following is not excluded by Evid.R. 802:
 {¶ 11} "A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown by the testimony of the witness to have been made or adopted when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party."
 {¶ 12} In State v. Scott (1972), 31 Ohio St.2d 1, which construed Evid.R. 803(5), the Supreme Court held:
 {¶ 13} "1. A memorandum made by a witness may be admitted in evidence in a criminal case as `past recollection recorded' if the witness had first-hand knowledge of the subject matter of the memorandum, the memorandum was made at or near the time of the event and while the witness had a clear and accurate memory of it, the witness lacks a complete present recollection of the event, and the witness testifies on the stand that the written memorandum is accurate.
 {¶ 14} "2. The admission of a memorandum as `past recollection recorded' in a criminal case does not deprive the defendant of his right of confrontation and cross-examination, where the witness is present on the stand and is available for full cross-examination by the defendant." Id. Syllabus by the Court.
 {¶ 15} The First District Court of Appeals held in State v.Woods, on which the trial court here relied, that Evid.R. 803(5) is inapplicable to admit a prior declaration in a memorandum or record where the declarant, the person who prepared it, refuses to testify, because the defendant's constitutional right of confrontation is then denied.
 {¶ 16} Officer Baldridge, the author of the report, did not refuse to testify. He took the stand and did testify. Therefore,Woods, is inapplicable, and the trial court erred when it applied the rule of Woods to exclude the evidence the State offered.
 {¶ 17} Woods followed the rule of law in the second paragraph of the syllabus of Scott. The State urges us to further find that it satisfied the burden imposed on it by the first paragraph of the Scott syllabus, and that the trial court therefore abused its discretion when it declined to apply the Evid.R. 803(5) exception.
 {¶ 18} Scott requires the witness who prepared it to testify that the written memorandum is accurate. In Scott, the witness was asked: "Then would you say that this was a true statement that you made at that time?" She replied: "Yes." Id., at p. 5.
 {¶ 19} Officer Baldridge was not asked a similar question and gave no similar answer. When asked whether his report was correct when it said that he and another officer had gone to the scene on a complaint of children riding their scooters and bicycles in the street after curfew, he replied: "I can't recall going out there. If my report says we did, we did. But, I don't recall, yes." (T. 4). The State contends that his response satisfies the accuracy requirement of Scott. We do not agree.
 {¶ 20} In order to demonstrate a Terry exception to the Fourth Amendment's warrant requirement, the State had the burden to offer evidence that officers possessed a reasonable and articulable suspicion that Defendant was engaged in criminal activity. Id. The report states that Defendant was a mere bystander to the events which brought the officers to the scene. Therefore, Officer Baldridge's statement, limited as it was to only what brought the officers to the scene, does not demonstrate that his report was accurate with respect to facts on which the State would rely to demonstrate the Terry exception to the warrant requirement. To that extent, which was the matter in issue, Scott is not satisfied.
 {¶ 21} The assignment of error is sustained. The trial court's suppression order will be reversed and the case remanded for further proceedings on the motion.
Donovan, J. and Young, J., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.